DLD-182                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-1272
_____

JASON KOKINDA,
                                    Appellant

v.

KOCH INDUSTRIES INC, official capacity; TOM WOLF, personal capacity;
WILLIAM R. STOYCOS, personal capacity; KATHLEEN KANE, personal capacity;
TOM CORBETT, personal capacity; JACK MARKELL, personal capacity;
HARRINGTON POLICE DEPT., official/personal capacity; DOVER POLICE DEPT.,
official/private capacity; JOHN DOE #1, Personal capacity; JOHN DOE #2, personal
capacity; JOHN DOE #3, personal capacity; NEWARK POLICE DEPT., official/private
capacity

_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Civil Action No. 1-17-cv-01531)
District Judge:  Honorable Richard G. Andrews

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
April 19, 2018

Before:      JORDAN, SHWARTZ and KRAUSE, Circuit Judges

(Opinion filed:  June 7, 2018)

OPINION[*]

PER CURIAM

Jason Kokinda appeals pro se from the District Court's dismissal of his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). Because we conclude that this appeal lacks arguable merit, we will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

Kokinda filed this pro se civil rights action pursuant to 28 U.S.C. § 1983, accompanied by an application to proceed in forma pauperis, in the United States District Court for the District of Delaware. Kokinda's claims are difficult to decipher, but appear to include claims of retaliation, conspiracy, malicious prosecution, and harassment. His complaint includes allegations that he is a "political trophy" of the former Pennsylvania governor; that the former and current governor have conspired to retaliate against him through ongoing subliminal threats and physical harassment, including engaging him in a high speed car chase, stalking him, and instructing "junkie prostitute[s]" to "castrate him."[1] The District Court granted Kokinda leave to proceed in forma pauperis, and later sua sponte dismissed his complaint as frivolous, under the screening provision of §

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] Other allegations include that defendants have conspired to keep him in prison permanently; he has a "tortured history of civil rights abuses by corrupt Pennsylvania officials;" he has been mislabeled as a sex offender in retaliation for his conduct; deputies have threatened to maliciously prosecute him; officers have conspired to fabricate a case against him; and he is the target of a "well-funded Masonic RICO conspiracy." Dkt # 1, at 2–7.

1915(e)(2)(B). The Court held that the facts contained in Kokinda's complaint did not rise to any constitutional violation, that there was no legal basis for his claims, and that Kokinda failed to show personal involvement of the defendants. Kokinda filed a motion for reconsideration, which was denied by the District Court. Kokinda appeals.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review of the District Court's sua sponte dismissal under § 1915(e)(2)(B). See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). "[W]e accept all factual allegations as true [and] construe the complaint in the light most favorable to the plaintiff." Warren Gen. Hosp. v. Amgen Inc., 643 F.3d 77, 84 (3d Cir. 2011) (quoting Pinker v. Roche Holdings Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002)). We review the denial of his motion for reconsideration for abuse of discretion. Long v. Atlantic City Police Dep't, 670 F.3d 436, 446–47 (3d Cir. 2012).[2]

We agree with the District Court that Kokinda's allegations are largely delusional and conclude that his complaint was properly dismissed as frivolous. As discussed by the District Court, Kokinda's allegations do not rise to any constitutional violation and his claims lack any legal basis. See Neitzke v. Williams, 490 U.S. 319, 325 (1989). Moreover, Kokinda has failed to plead facts that, if proven, would show personal involvement by the defendants. See Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir.

---

[2] The scope of this appeal is limited to the District Court's December 28, 2017 order dismissing the complaint and the District Court's January 30, 2018 order denying Kokinda's motion for reconsideration. Kokinda's subsequent motion for reconsideration is not within the scope of this appeal, since Kokinda has not filed an amended notice of appeal.

3

1988) ("A defendant in a civil rights action must have personal involvement in the alleged wrongs."). We agree with the District Court that, though Kokinda "infers" involvement by the defendants, he has failed to provide any factual support for his allegations.

In light of the nature of his factual allegations, we further find no error with the District Court's determination that allowing Kokinda to amend his complaint would have been futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002) ("[A]mendment must be permitted . . . unless it would be inequitable or futile."). Finally, the District Court did not abuse its discretion in denying Kokinda's motion for reconsideration, as the motion did not identify any of the grounds required for consideration. See Lazaridis v. Wehmer, 591 F.3d 666, 669 (3d Cir. 2010) (per curiam).

Because we conclude that this appeal is legally frivolous, we will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).